UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Husni A.

    Plaintiff,

v.

Bondi, et al,

    Defendants.

No. 25-4620 (KMM/LIB)

**ORDER**

This matter is before the Court on petitioner Husni A.'s petition for a writ of habeas corpus.[1] For the reasons set forth below, the Court grants Husni A's habeas petition.

## Background

Petitioner Husni A., a citizen of Ethiopia, entered the United States on March 11, 2024. He was encountered by Respondents, then released from custody under an order of release on recognizance issued pursuant to Section 236 of the Immigration and Nationality Act (INA)(codified at 8 U.S.C. § 1226). [ECF 1,ex. 4]  The release order dated March 13, 2024, included certain conditions Hosni A. was required to follow and he did so. [ECF 1, ¶ 5, ex. 1-2] Hosni A. was placed in removal proceedings, and was alleged to face removal because he entered the country "without inspection or parole." [ECF 1, ¶3, Exhibits 3 & 4] He has appeared in immigration court, and applied for asylum. [ECF 1, ¶ 5][2]

On December 2, 2025, Hosni A. was arrested here in the District of Minnesota. Respondents have offered no administrative warrant supporting the return of Hosni A. to

---

[1]     In keeping with this District's policy in immigration cases, the Court identifies petitioner by his first name and last initials or refers to him as Petitioner.

[2]     Although these citations are to documents submitted by the Petitioner, they are consistent with those provided by the Respondent.  [ECF 9]

1

custody, nor alleged that he violated the terms of his release order. Additionally, there is no indication that he has a criminal record that would trigger detention pursuant to 8 U.S.C. § 1226© or any other provision. He alleges that Respondents are detaining him pursuant to 8 U.S.C. § 1225, despite having previously released him pursuant to § 1226.

Respondents' position is that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2).  They also argue that, because he has an application for asylum, he should be detained pursuant to the same statute as an applicant for admission.

## Analysis

This case is one of many filed in recent months in this district challenging the application of § 1225(b)(2) to aliens who are already in the United States, either having entered without inspection or having been previously released pursuant to 8 U.S.C. § 1226. This Court has previously held that, because such people are not "seeking admission," as set forth in § 1225(b)(2), that provision – which mandates detention – does not apply to them.  *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025). The same legal conclusion has been adopted by countless district courts around the country in similar cases, and by many courts in this district. The Respondents' position is that *Belsai D.S.* and the many other cases reaching the same conclusion were wrongly decided. The government points out, correctly, that other courts have ruled differently, and that the issue is currently pending before the Eighth Circuit, and asks this Court to reconsider its previous decision.

Although the Court has considered the arguments raised by the government, and reviewed the authority cited, the Court declines to repudiate its analysis from *Belsai D.S.* and instead continues to follow the analysis of the strong majority of courts to have considered the matter. Of course, these issues are complex and the government's arguments are not frivolous.  But the Court continues to believe that the better reading of the relevant statutory scheme is that § 1225(b)(2) does not apply to Husni A. or others who are similarly situated, and his mandatory detention under that provision is not supported by the law.

Respondents alternatively argue that, because Husni A. has applied for asylum, he is in fact an applicant for admission, and that provides a separate basis to detain him pursuant to § 1225(b)(2). Respondents are correct that this fact distinguishes this case from *Belsai D.S.*. However, it does not change the Court's conclusion that detention is not supported. As Judge Tostrud recently noted in *Ahmed M v. Bondi et. Al*, No. 25-cv-4711 (ECT/SGE), ECF 8, 2026 WL 25627, at *6 (January 5, 2026), "several courts have determined that asylum applications filed in like circumstances do not change the outcome." *Id.* (collecting cases). The reasoning in Judge Tostrud's opinion, and those of the cases he references is sound, and the Court declines to find that Husni A.'s application for asylum somehow converted his previous release under § 1226 into eligibility for mandatory detention under § 1225(b).

## Propriety of Immediate Release

Petitioner Husni A. alleges that he should be immediately released, seeking a bond hearing as an alternative remedy. The Court concludes that immediate release is appropriate in this case. The government has not claimed to have a "warrant issued by the Attorney General" supporting his recent arrest nor produced one to the Court. As Judge Tostrud also explained "[s]ection 1226 provides that *'[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained.'" *Ahmed M. v. Bondi et al.*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *7 (D. Minn. Jan. 5, 2026). Judge Tostrud concluded that the issuance of a warrant is a necessary prerequisite to even discretionary detention under § 1226(a), citing several decisions from other districts. *Id.* In *Ahmed M.*, like here, the petitioner had been rearrested with no warrant, and no allegation of a violation of the conditions of his previous release. Therefore the appropriate remedy in *Ahmed M.* was immediate release rather than a detention hearing. *See also Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB)(Order, January 12, 2026)(same). Similarly, because the Court here has before it neither the administrative warrant contemplated by § 1226, nor a suggestion of violation of Husni A.'s previous conditions of supervision, release is the correct remedy.

## ORDER

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's petition for a writ of habeas corpus is **GRANTED**.

2. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and **ENJOINS** respondents from denying release or other relief on the basis that he is subject to such mandatory detention.

3. The Court **ORDERS** Respondents to immediately release Petitioner. Such release shall be on the same terms and conditions that governed Husni A. through the original release order.

4. Finally, the Court **ORDERS** Respondents to file notice on the docket within 24 hours of Petitioner's release, confirming that the release has occurred.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Date: January 15, 2026                                              *s/Katherine M. Menendez*
                                                                                  Katherine M. Menendez
                                                                                  United States District Judge